ANNA L. HARVEY, complainant-appellant,

*v.*

JOHN D. RANDALL and MAEZE BIANCHI, defendants-respondents.

[Submitted February 11th, 1926. Decided May 17th, 1926.]

1. The finding by the court of chancery that an agreement for the sale of lands had not been properly recorded, and that a *lis pendens* filed in the county clerk's office on same day, hour and minute as a deed of the property covered by the *lis pendens* is not notice to the

filer of the deed of the contents of the *lis pendens*, does not justify the making of an order by the court of chancery declaring the *lis pendens* null, void and of no effect, and directing the same to be discharged of record.

2. One claiming to be a vendee of property under an alleged agreement of sale, who has filed a bill for specific performance, has the right to traverse the *bona fides* of a deed made by the alleged vendor, and pending a hearing to have a *lis pendens* remain of record as a protection against alienation of the subject-matter of the suit.

3. A *lis pendens* can only be discharged of record by the methods provided in the statute entitled "An act respecting notice of *lis pendens*. *P. L. 1902 p. 477; 1 Comp. Stat. p. 3175.*

On appeal from an order of the court of chancery advised by Vice-Chancellor Church, whose opinion is reported in *98 N. J. Eq. 104.*

*Mr. Ward Kremer,* for the complainant-appellant.

*Messrs. Donohue & O'Brien (Mr. Ovidio C. Bianchi,* of counsel), for the defendants-respondents.

The opinion of the court was delivered by

KATZENBACH, J.

This is an appeal from an order of the court of chancery declaring a *lis pendens,* filed in the Monmouth county clerk's office, in a vendee's suit for specific performance of a contract for the sale of lands, null, void and of no effect, and directing the same to be discharged of record.

On April 20th, 1925, John D. Randall, owner of a property in the city of Asbury Park, in this state, known as No. 204 Seventh avenue, signed a paper, in the form of an acknowledgment of the receipt of checks aggregating $500 from Anna L. Harvey, which, if accepted by Randall, would entitle Mrs. Harvey to purchase the property for $10,000. The checks were to apply, if used, on the purchase price. The balance of the consideration was to be paid in cash on delivery of the deed. On May 1st, 1925, Mr. Randall wrote to Mrs. Harvey that he could not sell the property and returned the checks.

On May 9th, 1925, the alleged agreement of sale was re-
corded in the Monmouth county clerk's office in book U of
miscellaneous records. On May 27th, 1925, the clerk of
Monmouth county received, at eight A. M., by mail, a deed
made by Randall to Maeze W. Bianchi, dated May 8th, 1925,
and entered the same of record as having been received for
record at the time mentioned. In the same mail the clerk
received a *lis pendens* affecting the property in question
which was filed simultaneously with the deed. On the pre-
vious day, May 26th, 1925, Mrs. Harvey, assuming the writing
referred to to be a contract for the sale to her by Randall
of the property mentioned, filed a bill in the court of chan-
cery against Randall, asking for the specific performance of
the alleged agreement. A subpœna to answer was on the
same day issued. The subpœna was served on May 27th,
1925. Thereupon, Mrs. Bianchi filed a verified petition in
the court of chancery setting forth that on May 8th, 1925,
she had bought for a valuable consideration the said prem-
ises from Randall; that she had received a deed therefor;
that the deed and *lis pendens* referred to had been received
and filed at the same time by the clerk of Monmouth county;
that she was a *bona fide* purchaser of the property, and that
she was desirous of mortgaging the property, but could not
do so because of the filing of the *lis pendens*. The petition
concluded with a prayer that she be admitted as a party
defendant to the bill of complaint, and that the *lis pendens*
be discharged of record. Notice of a motion based on this
petition was given to the complainant. The motion was
made. The learned vice-chancellor who heard the motion
filed an opinion in which he held that the alleged agreement
of sale recorded as above stated was not notice to Mrs.
Bianchi because section 21 of the act respecting conveyances,
as amended (*P. L. 1917 p. 296*), includes in the list of
documents to be recorded "agreements for sale," and the act
respecting conveyances further provides that "agreements for
sale" shall be recorded under "deeds." The vice-chancellor
further held that a *lis pendens* filed on the very same day,
hour and minute that a deed was filed could not be notice

to the filer of the deed of the contents of the *lis pendens*. For these reasons the order discharging the *lis pendens* was advised.

The views express by the learned vice-chancellor upon both these matters, assuming them to be correct, did not justify the making of the order appealed from. The opinion filed begged the important question involved, namely, whether Mrs. Bianchi was a *bona fide* purchaser for value of the property. Assuming the writing which the complainant held to be an enforceable contract, the complainant had the right to traverse the *bona fides* of the deed of Randall to Mrs. Bianchi, and pending a hearing, to have the *lis pendens* remain of record, as a protection against alienation of the subject-matter of the suit because a decree in a specific performance suit will bind alienees as well as parties to the suit. *Feld* v. *Kantrowitz et al.*, 99 N. J. Eq. 706. The order appealed from prejudged the question as to whether or not Mrs. Bianchi was a *bona fide* purchaser of the property in question without notice of the complainant's rights. The order, in effect, held that she was a *bona fide* purchaser without notice. The discharge of the *lis pendens* made it possible for Mrs. Bianchi to mortgage the property which she frankly stated she desired to do. The discharge also made it possible for her to alienate it, so that if, upon a final hearing, the evidence warranted a decree, that the writing which the complainant held was a valid contract, and that Mrs. Bianchi had taken title to the property with notice of the complainant's rights, and that the complainant was entitled to specific performance of the contract, the complainant would be remediless because of the discharge of the *lis pendens,* if the title to the property had been acquired from Mrs. Bianchi by one who was a *bona fide* purchaser without notice of the rights of the complainant. The prevention of such a situation was the purpose of the enactment of the statute providing for the filing of a *lis pendens*.

There is also a further reason why the order appealed from should be reversed. The legislature has seen fit, in the exercise of the powers bestowed upon it, to provide by statute (*P. L. 1902 p. 477; 3 Comp. Stat. p. 3175*) for the filing of a

*lis pendens,* the contents of the document, the manner of recording and the procedure in discharging the same of record. Three methods of discharge are provided for in the statute. Section 4 of the act provides that whenever a final decree shall be made in favor of the defendant in a cause in which a *lis pendens* has been filed, the clerk shall enter upon the margin of the record a statement of the substance of the decree, which has the effect of discharging the lands. Section 5 of the act provides that the chancellor or a supreme court justice may order a *lis pendens* discharged of record upon the giving of proper security by the defendant, in cases in which the enforcement of a claim for the payment of moneys upon the lands involved is sought, for the payment of such sum as may by the final determination of the cause be ascertained to be chargeable upon the lands. Section 7 provides the method to be followed of discharging the lands upon payment of a decree or upon settlement of the suit.

There is no statutory provision for the discharge of a *lis pendens* of record in the manner and for the reasons assigned by the learned vice-chancellor in the present case. The court of chancery, therefore, had no power to make the order which it did. It could not discharge the *lis pendens* of record except as provided in the statute.

For the reasons given the order under review is reversed and set aside.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, WHITE, GARDNER, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ. 14.